IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DECATHLON ALPHA III, L.P., a Delaware limited partnership,<br><br>                    Plaintiff,<br><br>v.<br><br>EDUCLOUD, INC., a New Jersey Corporation, and JAE H. CHOI, an individual,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [7] MOTION TO REMAND TO STATE COURT AND DENYING [13] MOTION FOR: 1) EXPEDITED DISCOVERY REGARDING DIVERSITY JURISDICTION; AND 2) EXTENSION OF TIME TO RESPOND TO MOTION TO REMAND**<br><br>Case No. 2:20-cv-00652-DBB<br><br>District Judge David Barlow |

Defendants Educloud, Inc and Jae H. Choi (collectively Defendants) removed[1] the complaint[2] in this case to this court after Plaintiff Decathlon Alpha III, L.P. (Plaintiff) filed in Utah state court. Defendants asserted that this court had jurisdiction under 28 U.S.C. § 1332 as all parties were diverse and the amount in controversy exceeded $75,000.[3] Plaintiff has contested that complete diversity among the parties exists and has moved to remand (Motion to Remand)[4] this case back to Utah state court pursuant to 28 U.S.C. § 1447(c). Plaintiff also requests costs and associated expenses in accordance with 28 U.S.C. § 1447(c).[5]

---

[1] Notice of Removal, ECF No. 5, filed September 18, 2020.

[2] Notice of Removal, Exhibit 1, Complaint (State Court Complaint), ECF No. 5-1, filed September 18, 2020.

[3] Notice of Removal at ¶17.

[4] Motion to Remand to State Court at 1, ECF No. 7, filed September 21, 2020.

[5] *Id.* at 7-8.

Based on the information contained in the Motion to Remand, the court entered an Order to Show Cause requiring Defendants to show cause why Plaintiff's Motion to Remand should not be granted and why this case should not be remanded to state court for lack of diversity jurisdiction.[6] In response to that order, Defendants argue that there are "open questions" regarding the complete diversity of the parties here.[7] Because of that, Defendants seek an extension of time to respond to the Order to Show Cause and for leave to conduct jurisdictional discovery.[8] For the reasons outlined below, Plaintiff's Motion for Remand will be granted and Defendants' requests will be denied.

## DISCUSSION

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a [proponent] pleads sufficient facts to establish it."[9] And because "it is to be presumed that a cause lies outside this limited [federal] jurisdiction, . . . the burden of establishing the contrary rests upon the party asserting jurisdiction."[10] In this case, Defendants have failed to meet that burden.

On September 14, 2020, Plaintiff filed its complaint in state court.[11] Three days after Plaintiff filed its complaint and one day before a motion hearing, Defendants removed this case

---

[6] Order to Show Cause, ECF No. 10, filed September 29, 2020.

[7] Response to Order to Show Cause Regarding Diversity Jurisdiction at 1, ECF No. 12, filed September 30, 2020.

[8] Motion For: 1) Expedited Discovery Regarding Diversity Jurisdiction; and 2) Extension of Time to Respond to Motion to Remand, ECF No. 13, filed September 30, 2020.

[9] *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)).

[10] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[11] Notice of Removal at ¶ 1.

to federal court.[12] In its Notice of Removal, Defendants candidly acknowledge that despite some effort to ascertain Plaintiff's citizenship, they "cannot be sure" that the parties are diverse.[13]

Whether complete diversity among the parties exists here is more complex than usual. Plaintiff is a limited partnership and some of it partners are in turn limited liability companies.[14] As the United States Supreme Court has determined, "for the purposes of diversity jurisdiction, partnerships are considered citizens of every state where any partner resides."[15] And the United States Court of Appeals for the Tenth Circuit has recognized that limited liability companies ''take[] the citizenship of all its members''[16] for those purposes as well.

Defendants knew of this complexity when they removed this case.[17] They were aware that they did not know even the identities, much less the citizenship, of all of Plaintiff's members. Instead of taking the time necessary to meet their removal burden, they rushed to remove the case in three days and now seek discovery to meet the burden they were supposed to have met before removing the case. "Without knowing the identities and citizenship of plaintiff's members, defendant could not ascertain that the case was removable."[18]

---

[12] Motion to Remand at 2.

[13] Notice of Removal at ¶ 12. Plaintiff also has provided some evidence suggesting that diversity may be lacking. Motion to Remand at 4. See also Affidavit of John Borchers of Non-Diverse Parties, ECF No 6, filed September 18, 2020; Affidavit of Jonathan Bergman of Non-Diverse Parties, ECF No. 8, filed September 23, 2020.

[14] Defendants—relying on publicly available information such as SEC filings and applications with the state of Utah—offer that the "general partner" of Plaintiff is Decathlon Alpha GP III, LLC and that the sole member of this LLC resides in Utah. But as to the citizenship of any other limited partners of Plaintiff—whether they are individuals or LLCs—Defendants only rely on SEC filings that show where Plaintiff sought investors Notice of Removal at ¶ 11, something which could not tell them with certainty the citizenship of the limited partners. Accordingly, Defendants "cannot be sure as to the citizenship of limited partners" but opine that "there should not be any limited partners in New Jersey" (where Defendants reside). Notice of Removal at ¶ 12.

[15] See Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990).

[16] Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015).

[17] See Notice of Removal at ¶¶5-7.

[18] Great W. Dairy, LLC v. MWI Veterinary Supply Co., 2020 WL 2214395, at *2 (D. Colo. May 7, 2020).

As recognized by other courts within the Tenth Circuit, "while a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary."[19] "[T]he burden of demonstrating a legal entitlement to jurisdictional discovery" and any "related prejudice flowing from the discovery's denial . . . is on the party seeking the discovery."[20] Defendants argue that this court should exercise its discretion to permit jurisdictional discovery because, in certain circumstances, it might be difficult or impossible to resolve the jurisdictional issue in the time allotted by the statute, potentially making further discovery in federal court justified. This is not one of those cases. Defendants made no effort to conduct jurisdictional discovery in state court and did not move the state court to expedite any such discovery.[21] Instead, they hastily removed the case to federal court without making every effort possible to learn the identities and citizenship of the relevant members. As such, Defendants have not demonstrated an entitlement in this court to jurisdictional discovery or demonstrated prejudice.

Because Defendants have failed to carry their burden, the presumption that this court lacks jurisdiction stands and remand is appropriate under 28 U.S.C. § 1447(c). However, although Defendants have not carried their burden, the court will not exercise its discretion to award costs and expenses under that same subsection.

---

[19] *Id.* (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006)).

[20] *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).

[21] *Great W. Dairy, LLC v. MWI Veterinary Supply Co.*, 2020 WL 2214395, at *2 ("defendant could have conducted discovery regarding plaintiff's members in state court . . . ").

**ORDER**

Based on the foregoing, it is HEREBY ORDERED AS FOLLOWS:

- Plaintiff's Motion to Remand[22] is GRANTED IN PART as to the request to remand this case back to state court. This case is hereby REMANDED back to the Third Judicial District for Summit County, State of Utah. However, Plaintiff's Motion to Remand[23] is DENIED IN PART as to the request for costs and expenses under 28 U.S.C. § 1447(c).

- IT IS FURTHER ORDERED that Defendants' Motion For: 1) Expedited Discovery Regarding Diversity Jurisdiction; and 2) Extension of Time to Respond to Motion to Remand[24] is DENIED.

The clerk is directed to close the case.

Signed October 7, 2020.

BY THE COURT

David Barlow
United States District Judge

---

[22] Motion to Remand to State Court, ECF No. 7, filed September 21, 2020.

[23] *Id.*

[24] Motion For: 1) Expedited Discovery Regarding Diversity Jurisdiction; and 2) Extension of Time to Respond to Motion to Remand, ECF No. 13, filed September 30, 2020.